IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | Cr. No. 03-1092-HMH |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Scott E. King ) | |
|   a/k/a "X-Man" ) | |
| Tremayne K. Graham ) | |
|   a/k/a "Kiki" ) | |
| Jerry Davis ) | |
| Eric Rivera ) | |
| Tiffany Gloster ) | |
|   a/k/a "Tiffany Davis" ) | |
| Frances Sims, ) | |
| ) | |
|          Defendants. ) | |

This matter is before the court on the government's motion to stay the motions for ancillary proceedings filed by Ali Manteghi ("Manteghi") and First Horizon Home Loans. The government respectfully requests that the Court enter an order staying the ancillary proceedings in this case until the pending criminal investigation of this matter has been completed and criminal proceedings are resolved. Manteghi consents to this request. 18 U.S.C. § 981(g)(1) (West Supp. 2007) provides that

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant, if the court determines that-
>   (A) the claimant is the subject of a related criminal investigation or case;
>   (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and

1

> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

The government alleges that its "investigation into the illegal activities of the Defendant Jerry Davis and his associates which includes the claimant Ali A. Manteghi continues." (Gov't's Mem. Supp. Mot. Stay 3.) The government alleges that the discovery process could jeopardize the ongoing criminal investigation. Manteghi's deposition was noticed for August 22, 2007, and Manteghi's counsel has indicated that Manteghi may plead the Fifth Amendment. Further, Manteghi has served the government with discovery requests. The government alleges that it

> would be prejudiced if it were required to release this information during the pendency of a grand jury investigation. Moreover, during the discovery process and any subsequent ancillary hearing, claimant Ali A. Manteghi may be forced to invoke his Fifth Amendment right or risk providing potentially self-incriminating information.

(Id. 7.) Based on the foregoing, the court agrees to stay Manteghi's and First Horizons Home Loans' motions for ancillary proceedings in this matter for 90 days.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 28, 2007

2